**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY KING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00127-BCW |
| | ) | |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Jeffrey King ("Plaintiff"), and states as follows:

## THE PARTIES

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Missouri. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of

jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it issued a Group Weekly Disability Income Policy (the "Policy") to Sunbelt Rentals, Inc. ("Sunbelt"), which, at certain times, insured disability benefits from the Sunbelt Rentals, Inc. Short Term Disability Plan (the "STD Plan") sponsored by Sunbelt to provide short term disability benefits to certain of its employees. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 7 of the Complaint.

## INFORMATION REGARDING TRIAL

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the allegations contained in Paragraph 9 of the Complaint.

## STATEMENT OF FACTS

10. Lincoln admits Plaintiff was, at certain times, employed by Sunbelt as a Sales Representative. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff's last day of work at Sunbelt was November 11, 2021. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain documents concerning Plaintiff's job description and own occupation at Sunbelt are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Sunbelt sponsored the STD Plan to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits the allegations contained in Paragraph 14 of the Complaint.

15. To the extent that the allegations contained in Paragraph 15 seek to interpret the provisions of the Policy or other STD plan documents, Lincoln refers to the documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that Plaintiff was, at certain times, employed by Sunbelt and a participant in the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the STD Plan under the Policy, but Lincoln specifically denies that it was the Plan Administrator of the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the STD Plan under the Policy, but Lincoln specifically denies that it was the Plan Administrator of the STD Plan. Lincoln further admits that it was granted discretion by Sunbelt to make determinations on claims for benefits from the STD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that it issued the Policy to Sunbelt, which, at certain times, insured disability benefits from the STD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the STD Plan under the Policy, but Lincoln specifically denies that it was the Plan Administrator of the STD Plan or the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. To the extent that the allegations contained in Paragraph 20 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that the allegations contained in Paragraph 21 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits Plaintiff submitted a claim for benefits from the STD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it sent a letter to Plaintiff dated February 8, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits it received a letter from Plaintiff's counsel dated June 22, 2022, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it received a letter from Plaintiff's counsel dated August 5, 2022, appealing the denial of Plaintiff's claim for benefits from the STD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it sent a letter to Plaintiff's counsel dated October 12, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits it received a letter from Plaintiff's counsel dated October 20, 2022, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits it received a second level appeal from Plaintiff's counsel dated April 7, 2023, appealing the denial of Plaintiff's claim for benefits from the STD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits it sent a letter to Plaintiff's counsel dated June 13, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent the allegations in Paragraph 30 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

31. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits from the STD Plan under the Policy and denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. To the extent that the allegations contained in Paragraph 32 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. To the extent that the allegations contained in Paragraph 33 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the STD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process and denies that Plaintiff has exhausted administrative remedies with regard to a claim under 29 U.S.C. § 1132(a)(3). Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

## CAUSES OF ACTON

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS

35. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 34 of the Complaint as though fully set forth in response to Paragraph 35 of the Complaint.

36. Lincoln denies the allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies the allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

**COUNT II**
**29 U.S.C. § 1132(a)(3) - BREACH OF FIDUCIARY DUTY**

41. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 40 of the Complaint as though fully set forth in response to Paragraph 41 of the Complaint.

42. To the extent the allegations in Paragraph 42 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

43. To the extent the allegations in Paragraph 43 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 43 of the Complaint.

44. To the extent the allegations in Paragraph 44 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that Plaintiff was, at certain times, employed by Sunbelt and a participant in the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln denies the allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that it issued the Policy to Sunbelt, which, at certain times, insured

disability benefits from the STD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the STD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. To the extent that the allegations contained in Paragraph 48 constitute legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln denies the allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies the allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies the allegations contained in Paragraph 51 of the Complaint.

52. Lincoln denies the allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln denies the allegations contained in Paragraph 54 of the Complaint.

55. Lincoln denies the allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the STD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the STD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process and failed to exhaust administrative remedies with regard to the issues raised in Plaintiff's claim under 29 U.S.C. § 1132(a)(3).

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

7. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, or unclean hands.

9. The damages, if any, claimed by Plaintiff are limited to those available under

ERISA, which precludes recovery of compensatory, punitive, or damages other than recovery of benefits allegedly owed to Plaintiff.

10. Lincoln reserves the right to assert additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: *_/s/ Dan S. Folluo_*
Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121
(918) 582-1173
(918) 592-3390 (facsimile)

- and -

By: *_/s/ Iwana Rademaekers_*
Iwana Rademaekers (Texas Bar No. 16452560)
(*Pro Hac Vice Application Pending*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 21st day of March 2024, to be served by operation of the Court's electronic filing system upon the following:

Derrick A. Pearce
dpearce@burnettdriskill.com

Kyle H. Sciolaro
ksciolaro@burnettdriskill.com

*Attorneys for Plaintiff*

*/s/ Dan S. Folluo*
Dan S. Folluo